IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TRAVIS REGENSBERG,**

    Plaintiff,

v.                                                               No. 15-cv-0287 MCA/SMV

**RAY BACA, SHANNON MURDOCK,**
**MATHEW ROMERO, AMANDA S. LOPEZ,**
**JESUS L. LOPEZ, ERIC MASCARENAS,**
**and JOHN DOES 1–4,**

    Defendants.

### ORDER REGARDING SERVICE OF DEFENDANT MASCARENAS

THIS MATTER is before the Court on Plaintiff's Response to Order to Show Cause and Motion for Service of Process by Publication [Doc. 22], filed on August 21, 2015. The Order to Show Cause [Doc. 21] will be quashed. Plaintiff's motion for leave to serve Defendant Mascarenas by publication [Doc. 22] will be denied without prejudice. Plaintiff must serve Defendant Mascarenas within 21 days.

Plaintiff filed his Complaint against Defendants on April 10, 2015. [Doc. 1]. Pursuant to Fed. R. Civ. P. 4(m), Plaintiff had 120 days from filing the Complaint, or until August 10, 2015, to effect service of process. By August 11, 2015, however, there was no indication on the record that service of process has been effected with respect to the Defendant Eric Mascarenas. Accordingly, the Court ordered Plaintiff to show cause why his claims against Defendant Mascarenas should not be dismissed without prejudice for failure to comply with the service provision of Rule 4(m). [Doc. 21] (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

Plaintiff responded on August 21, 2015. [Doc. 22]. He reports that his process server has attempted "numerous times" to serve Defendant Mascarenas at his residence but was unsuccessful. *Id.* Thus, he requests leave to serve Defendant Mascarenas by publication. *Id.*

Service of process in federal court may be made by publication to the extent that it is permitted by state law. *Compare* Fed. R. Civ. P. 4(e)(1) (allowing service of process to be achieved "following state law"), *with* Rule 4(J) NMRA (describing when service of process may be accomplished by publication). Under state law, "[p]rocess shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Rule 4(E)(1) NMRA. For example, service may be accomplished by delivering the process to the defendant personally. Rule 4(F) NMRA. Alternatively, service may be accomplished by mail or commercial courier as long as the defendant or another authorized person "signs a receipt" for the envelope or package containing the process. Rule 4(E)(3) NMRA. State law, additionally, prescribes other acceptable methods of service. *See* Rule 4 NMRA. However, service by publication is somewhat of a last resort and is not appropriate unless the other methods described in the rule "cannot reasonably be made." Rule 4(J) NMRA.

Here, the Court is not convinced that the preferred methods of service cannot reasonably be made. For example, Plaintiff does not indicate that he has attempted to serve Defendant Mascarenas by mail with a return receipt. Accordingly, service by publication is not warranted under Rule 4(J) at this time. Instead, Plaintiff is directed to exhaust all reasonable methods of service pursuant to Rule 4(E), (F), or as otherwise permitted by law, **within 21 days**.

**IT IS THEREFORE ORDERED** that the Order to Show Cause [Doc. 21] is **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to serve Defendant Mascarenas by publication [Doc. 22] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff exhaust all reasonable methods of service pursuant to Rule 4(E), (F) for Defendant Eric Mascarenas **within 21 days**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**