IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS REGENSBERG,

       Plaintiff,

vs.                                      Civ. No. 15-287 MCA/SMV

RAY BACA, *et al.*,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendants' *Motion to Dismiss and Stay of Discovery* [Doc. 34].[1] The Court has considered the written submissions of the parties, the record in this case and the pertinent law, and is otherwise fully advised.

**Summary Judgment Standards**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim . . . on which summary judgment is sought." As our Court of Appeals has succinctly stated:

> Summary judgment is appropriate only if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law. A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a

---

[1] Defendants' motion is designated as a "Motion to Dismiss." However, under the heading "Standard of Review" Defendants cite to the standard governing a Rule 56 motion for summary judgment. On pages 5, 7, 8 and 10 of their motion, Defendants again refer to summary judgment. In their reply, Defendants complain that Plaintiff "disingenuously attempts to convert Defendants' motion to a motion for summary judgment." [Doc. 41 at 1] In the Court's view the Plaintiff quite reasonably treated Defendants' motion as a motion for summary judgment, and that is how the Court has analyzed Defendants' motion.

rational jury could find in favor of the nonmoving party on the evidence presented.

*Adamson v. Multi Community Diversified Serv., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008).

> ''The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."  But "if the movant will not bear the burden of persuasion at trial, it can meet this initial burden "simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  It "need not negate the nonmovant's claim."

*Nyanjom v. Hawker Beechcraft Corp.*, 641 Fed. App'x 795, 798 (10th Cir. 2016) (citations omitted).

In applying the above principles to the record, the Court will treat Plaintiff's verified complaint as an affidavit to the extent it satisfies Fed. Civ. P. Rule 56(c).  *Dawson v. Audet*, 636 Fed. App'x 753, 756 n.2 (10th Cir. 2016).  However, as "[a]n affidavit or declaration used to . . . oppose a motion must be made on personal knowledge," Fed. Civ. P. Rule 56(c), the Court has not accepted as true allegations that clearly are not based on Plaintiff's personal knowledge.  "There may be cases where the sole reliance on a verified complaint would be insufficient to meet a nonmoving party's burden . . . , especially when the allegations contained in the pleading are merely conclusory." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988).

Pursuant to Fed. Civ. P. Rule 10(c), the Court has considered the exhibits attached to the Complaint.  The Court has relied on Exhibit 6, the incident report prepared by Defendant Romero, to the extent it reflects matters he personally observed in the course of

his investigation.  Fed. Evid. Rule 803(8)(A)(ii).  The Court has considered the statements
of third parties recorded by Romero only as they reflect his state of mind, not for the truth
of the matters reported to him.

**Background**

On about November 29, 2014, Defendant Eric Mascarenas persuaded Plaintiff to
purchase a steer and a heifer belonging to Clifford Mascarenas by representing that the
proceeds would go to a family member in ill-health.  Plaintiff asked Mascarenas to wait
until December 2, 2014 to deliver the livestock and to bring a bill of sale.  Instead of
waiting as Plaintiff had requested, Eric Mascarenas immediately delivered the cattle,
leaving them in a holding pen on the property of Hugo Ochoa.  Plaintiff was not present
when the livestock were delivered and did not pay for the livestock or receive a bill of
sale.

Defendant Baca, who at the time was Deputy Director of the New Mexico
Livestock Board, asked Defendant Romero, a state livestock inspector, to investigate
whether Plaintiff had purchased livestock in violation of the Livestock Code.  Romero told
Baca that he would look into the matter.  On December 2, 2014, Romero interviewed a
witness who told Romero that a steer and heifer had been delivered to Plaintiff without a
bill of sale or an inspection.  Based on the information provided by the witness, Romero
opened a criminal file.

On December 3, 2014, Romero confronted Plaintiff at Plaintiff's ranch, accusing
Plaintiff of purchasing and transporting cattle without a bill of sale.  Plaintiff denied these
accusations.  When Romero asked if he could search Plaintiff's property, Plaintiff initially

agreed, then refused, telling Romero to come back with a warrant.  Romero returned to his

office and drafted a search warrant and affidavit, which were reviewed by an assistant

district attorney.  Romero presented the warrant and affidavit to a magistrate, who

approved the warrant.  Romero, accompanied by State Police Officer Carlos Vigil,

executed the warrant, without finding the steer and heifer.

After leaving Plaintiff's property, Romero prepared a second warrant which again

was reviewed by an assistant district attorney.  Romero presented the warrant to a

magistrate judge, who approved the warrant.

Early the next morning, December 4, 2014, Baca phoned Romero to tell him that

Plaintiff had returned the cattle.  Romero decided that he would not execute the second

warrant.  On or about December 11, 2014, Romero closed the case without filing charges.

## Legal Standards Applicable to a Dispositive Motion Based on Qualified Immunity

Resolution of a dispositive motion based on qualified immunity involves a
two pronged inquiry.  "First, a court must decide whether the facts a plaintiff
has alleged or shown make out a violation of a constitutional right."
"Second, . . . the court must decide whether the right at issue was 'clearly
established' at the time of the defendant's alleged misconduct." "With regard
to this second [prong], the relevant, dispositive inquiry in determining
whether a right is clearly established is whether it would be clear to a
reasonable officer that his conduct was unlawful under the circumstances
presented." A reviewing court may "exercise [its] sound discretion in
deciding which of the two prongs of the qualified immunity analysis should
be addressed first in light of the circumstances in the particular case at
hand."  "Qualified immunity is applicable unless" the plaintiff can satisfy
both prongs of the inquiry.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (citations omitted).

"[W]hether an official protected by qualified immunity may be held
personally liable for an allegedly unlawful official action generally turns on

4

the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken."

*Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987))

**Discussion**

Plaintiff's complaint includes two federal claims, set out in the fourth and fifth counts.

Plaintiff's substantive due process claim, set out as his Fourth Cause of Action, is barred by the principle stated in *Albright v. Oliver*:  "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" 510 U.S. 266, 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  Plaintiff's claim that his property was subjected to an unlawful search is governed by the specific guarantees of the Fourth Amendment.  Plaintiff's Fourth Cause of Action must be dismissed.

Plaintiff's Fifth Cause of Action expressly invokes the Fourth Amendment.

The Court begins its analysis of this claim by noting that the Fourth Amendment requires that warrants issue upon a sworn statement; the Fourth Amendment does not require that the sworn statement be reduced to writing.  *United States v. Brierley*, 477 F.2d 516, 522 (3d Cir. 1973). In contrast to the Fourth Amendment, the New Mexico Constitution, art. II, § 10, states that "no warrant to search any place . . . shall issue without describing the place to be searched, or the . . . things to be seized, nor without a

5

*written* showing of probable cause, supported by oath or affirmation." (Emphasis added). Plaintiff appears to have overlooked this crucial difference in the language of the Fourth Amendment and Article II, § 10.  The dispositive question for purposes of the Fourth Amendment is whether Romero provided the magistrate with a sworn statement, written *or oral*, setting out facts sufficient to establish probable cause.

Plaintiff was not present when Romero applied for a warrant, and therefore lacks personal knowledge of whether the magistrate placed Romero under oath.  NMRA 6-208 (H)(1)("Before ruling on a request for a warrant the judge may require the affiant to appear personally. . .  and may examine under oath the affiant.").  The record does not contain evidence of the magistrate's typical practice nor does it contain evidence of what occurred in Plaintiff's case.  While it is possible that Romero was not sworn, the evidence of record[2] would not allow a reasonable jury to find that it is more likely than not that the showing made in support of the warrant was unsworn.

The Court next considers whether Plaintiff has come forward with evidence that would allow a reasonable jury to find that Romero lacked probable cause to believe that Plaintiff had transported livestock without a bill of sale or inspection.  "Probable cause is a matter of probabilities and common sense conclusions, not certainties.  At the same time, probable cause requires, of course, more than mere suspicion that unlawful activity is

---

[2] Clerk's minutes for an October 7, 2015 telephonic hearing indicate that Magistrate Judge Vidmar contemplated limited discovery on qualified immunity. [Doc. 29]  Although Plaintiff refers to former Fed. Civ. P. Rule 56(f) in his response [Doc. 39 at 7], he clearly is referring to current Rule 56(d).  Plaintiff did not tender a proper Rule 56(d) affidavit or declaration.  *See Valley Forge Ins. Co. v. Health Care Mgt. Partners, Ltd.*, 616 F.3d 1089, 1096 (10th Cir. 2010) (setting out requirements for an affidavit pursuant to former Fed. Civ. P. Rule 56(f)).  Defendants did not tender additional evidence in support of the motion. Thus, the evidence in the record in this case consists of the verified complaint and the exhibits attached to it and various unauthenticated documents attached to Plaintiff's response.

afoot." *United States v. Martin*, 613 F.3d 1295, 1302 (10th Cir. 2010). "[T]he relevant question is whether a 'substantial probability' existed that the suspect committed the crime, requiring something 'more than a bare suspicion.'" *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011) (citations omitted).

NMSA 1978 § 77-9-21 provides that "[n]o person shall buy, receive . . . or have in his possession any livestock in this state unless the person selling or disposing of such livestock gives and the person buying or receiving such livestock takes a written bill of sale giving the number, kind, marks and brand of each animal . . . ." NMSA 1978 § 77-9-41 provides that "[i]t shall be unlawful for any person . . . to cause to be transported within the state . . . any . . . cattle. . . unless such . . . animals . . . shall first have been inspected by an inspector of the New Mexico livestock board. . . ." At the time that Romero applied for a search warrant, he had spoken to a witness who told him that livestock had been delivered to Plaintiff without a bill of sale or an inspection. [Doc. 1-7 at 3] The statement of a single, reasonably believable witness generally is sufficient to establish probable cause. *Beauchamp v. City of Noblesville, Indiana*, 320 F.3d 733, 743 (7th Cir. 2003).

The objective reasonableness of Romero's belief that he had probable cause is further supported by evidence that prior to applying for a warrant he showed the affidavit and warrant to an assistant district attorney, who approved them. *Stonecipher*, 759 F.3d at 1145 (observing that evidence that officer sought review by a prosecutor, while not dispositive, is relevant to the objective reasonableness of the officer's belief that probable cause existed). And lastly, the objective reasonableness of Romero's belief that he had probable cause is demonstrated by the fact that the magistrate approved the warrant based

7

upon Romero's showing.  *See Messerschmidt v. Millender*, 132 S. Ct. 1235, 1249-50 (2012) (recognizing that approval by a magistrate "is certainly pertinent" is assessing whether officer obtaining a warrant held a reasonable belief that the warrant was supported by probable cause).  "The burden is on the plaintiff to 'make a substantial showing of deliberate falsehood or reckless disregard for truth' by the officer seeking the warrant." *Stonecipher*, 759 F.3d at 1142.  The evidence of record would not permit a reasonable jury to find it more likely than not that Romero engaged in deliberate falsehood or reckless disregard of truth in applying for the warrant.  Plaintiff has not come forward with evidence showing that Romero had obvious reasons for doubting the accuracy of the information provided by his witness.   In the absence of such evidence, the statement of the witness to whom Romero spoke would have supported an objectively reasonable belief that Plaintiff had received the steer and heifer in violation of the Livestock Code.  *See Beauchamp*, 320 F.3d at 743 (observing that "in crediting the complaint of a reasonably believable witness . . ., the police are under no constitutional obligation to exclude all suggestions that the witness. . . is not telling the truth").

Plaintiff has not made out a submissible case that his Fourth Amendment rights were violated.  Plaintiff's Fifth Cause of Action must be dismissed.

 "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3)).  Having dismissed Plaintiff's federal claims, the Court declines to exercise jurisdiction over Plaintiff's remaining claims, all of which arise under state law.

**WHEREFORE, IT HEREBY IS ORDERED** that Plaintiff's Fourth and Fifth Causes of Action are **dismissed with prejudice**;

**IT FURTHER IS ORDERED** that all remaining claims and this action are **dismissed without prejudice**.

**So ordered this 25th day of August, 2016**

_____

M. CHRISTINA ARMIJO
Chief United States District Judge